IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| DANIEL E. ALTORFER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 09-966-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| STATE OF OREGON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Daniel E. Altorfer
15532 SW Pacific Highway, CIB #509
Tigard, Oregon  97224

      Pro Se Plaintiff

John Foote
Clackamas County District Attorney
Carol Anne McFarland
Deputy District Attorney
1610 Red Soils Court, Suite D
Oregon City, Oregon  97045

      Attorneys for Defendant

Page 1 - OPINION AND ORDER

KING, Judge:

The State of Oregon brought a Motion to Show Cause and Order Punitive Contempt on December 16, 2008 against Daniel E. Altorfer for failing to pay child support. Altorfer was arraigned on these allegations on February 5, 2009. Altorfer appeared at a contempt hearing on March 11, 2009, but the hearing was continued several times until August 12, 2009. The Clackamas County Circuit Court found Altorfer in contempt of court on August 12 and scheduled sentencing for August 19, 2009. Altorfer did not appear at the sentencing hearing and a warrant was issued for his arrest. On August 19, 2009, Altorfer removed the Clackamas County case to this court.

Before the court is the State of Oregon's Motion to Remand (#6). For the following reasons, I grant the motion and remand the case to Clackamas County Circuit Court.

**LEGAL STANDARDS**

A civil action brought in state court may be removed by the defendant to federal district court if the district court has original jurisdiction over the action, that is, if the action could have been brought first in the district court. 28 U.S.C. § 1441(a). The party seeking removal has the burden of establishing federal jurisdiction. Westinghouse Elec. Corp. v. Newman & Holtzinger, P.C., 992 F.2d 932, 934 (9th Cir. 1993).

For a civil action, the notice of removal may be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b). A "notice of removal of a criminal prosecution shall be filed not later than thirty days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for

good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time." 28 U.S.C. § 1446(c)(1).

Courts strictly construe the removal statute against removal jurisdiction, and any doubt as to the right of removal is resolved in favor of remand. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

## DISCUSSION

The State of Oregon brought the contempt action pursuant to ORS 33.065. If found in contempt, Altorfer faces punishment ranging from a fine to six months in jail. ORS 33.105. The contempt action was brought by a deputy district attorney and the defendant received the same protections available in a criminal case, including appointed counsel, with the exception of a jury trial. ORS 33.065(6).

Whether the contempt action is considered a criminal or civil action, the State of Oregon contends Altorfer's removal is untimely. I agree. Altorfer was arraigned on the contempt action on February 5, 2009, and he was tried at the August 12, 2009 hearing, but he did not remove the action until August 19, 2009. Thus, the action was not removed within thirty days of receiving the initial pleading as required for civil actions or within thirty days of the arraignment or before trial as required for criminal actions. Altorfer has failed to respond to the State of Oregon's Motion to Remand and, therefore, has failed to give the Court good cause granting leave to file the notice at a later time.

///

Page 3 - OPINION AND ORDER

**CONCLUSION**

For the foregoing reasons, the State of Oregon's Motion to Remand (#6) is GRANTED.

This case is remanded to the Clackamas County Circuit Court.

IT IS SO ORDERED.

Dated this _____5th_____ day of November, 2009.


_/s/ Garr M. King_____
Garr M. King
United States District Judge